PER CURIAM.
The defendant, Luellen Armstrong, appeals his conviction by jury of aggravated assault.
The trial was held without the presence of a court reporter. In the record of the trial on appeal is a stipulation entered into between the Public Defender and the State Attorney.
The defendant and two deputy sheriffs concur that upon arrival of authorities at the scene of the alleged crime, the defendant was sitting astraddle the supine body of the complaining witness with a knife in his hand. Both the defendant and the complaining witness were taken to a hospital in the squad car of the deputy sheriffs.
One of the deputy sheriffs testified that the defendant, while in the car, threatened the complaining witness. The defendant denied such threat during the trial, and the State was permitted to recall the deputy sheriff, and he repeated having heard the alleged threat.
The sole point on appeal is the court’s ruling in permitting the repetition of a statement previously given as rebuttal testimony.
It is undoubtedly technical error to permit the State’s witness to be recalled to merely reiterate in rebuttal identical testimony which he had given on his examination in chief. Trial procedure such as this is a matter within the sound discretion of the trial judge, depending upon the circumstances at the time, and reversal for such reason will not be directed unless it is shown that such action resulted in actual prejudice to the rights of the accused. Royal v. State, 127 Fla. 320, 170 So. 450. An examination of the entire record does not disclose that the defendant has been prejudiced, and therefore such procedure constituted harmless error. F.S.A. § 924.-33. Cornelius v. State, Fla.1950, 49 So.2d 332.
Affirmed.
SMITH, C. J., and SHANNON and ANDREWS, JJ., concur.